20-3575 Alberto Hernandez v. Merrick B. Garland Thank you. Ms. Liu, are you prepared to proceed? I am, Your Honor. Please proceed. Thank you. Good afternoon, Your Honors. Tiffany Liu on behalf of Petitioner Mr. Alberto Dominguez-Hernandez. I'd like to reserve three minutes of rebuttal. You may. Thank you. Remand is required in this case because a sole member of the Board of Immigration Appeals erred in three ways in affirming the IJ's good moral character determination and in denying the motion to remand. If this court agrees with us on any of these three separate legal bases, it should remand. These issues include, first, that the BIA failed to apply de novo review to the good moral character determination. Second, that the BIA failed to address core arguments that Mr. Hernandez raised on appeal. And third, that the BIA failed to provide a reasoned explanation in its decision that is sufficient for this court's judicial review under Chenery. Indeed, the BIA's decision in this case as to good moral character amounts to a mere three sentences that are devoid of analysis. As a result, Mr. Hernandez was removed from the U.S. and remained separated from his wife, his U.S. his three young U.S. citizen children and his church, all without the opportunity for his arguments to be heard on appeal before the board. This court should accordingly remand on any of these three separate bases. I'll elaborate on each of the BIA's three errors in turn. First, the BIA failed to apply the proper standard of review to the good moral character determination. The government agrees with us that good moral character determinations are mixed questions of law and fact. This means that factual determinations like whether Mr. Hernandez has three young U.S. citizen children are reviewed for clear error. But whether those facts arise to the level of good moral character is a legal determination that Mr. that the BIA was required to review de novo, and it simply did not do so here. The BIA. Why do you why do you say that? Is that coupled with your argument that the BIA just didn't engage with the arguments? Is that kind of part and parcel of your argument that the BIA failed to address the argument about good moral character? It's related, but they are distinct grounds, Your Honor. So the reason why the BIA failed to apply to Nova review here is because, as the Supreme Court has said, did Nova review requires an original appraisal of the evidence. And as this court has indicated, the BIA sufficiently engages in de novo review when it lists out in detail, the positive and negative factors that were relevant and explains its conclusion that didn't happen here. Here, the BIA's decision amounts to three sentences. The first sentence is a mere statement of what the IJ did. The second sentence that engages in a presumption that everyone agrees does not apply. The third then summarily affirms the IJ's decision. Critically, the BIA's decision does not anywhere list the factors that were relevant to its decision. It does not engage in the evidence, nor does it provide any explanation. And under this court's precedent, that doesn't constitute de novo review. And the court should remand because it applied the wrong standard of review, as this court has done in Ramirez, payroll and Waldron. That, Your Honor, is a separate issue from the second issue that we raised before the court today, which is that the BIA did not address the three arguments that Mr. Hernandez raised to it on appeal. And this court has made clear that where the BIA does not address arguments that are raised before it or where it's not apparent that the BIA ever considered an argument, this court remand so that the BIA can, in fact, address those arguments. Here, Mr. Hernandez argued that the IJ impermissibly relied on a single lapse in finding that he did not have good moral character. He argued that the that the IJ disproportionately weighed that single lapse and discounted positive equities in his case. And he argued, finally, that the IJ clearly erred in its rehabilitation finding. Counsel, let me let me interrupt you. It looks to me like the second sentence. The IJ does address the point when it says correctly determined that the presumption doesn't apply here. Don't you think that you're being too strict by saying that they're not acknowledging that this is a a one lapse plus the 2007 incident case? No, Your Honor, because while the BIA does cite to matter of Castillo Perez here and addresses the IJ's determination there, it misses the mark because it's not what Mr. Hernandez argued on appeal. What Mr. Hernandez argued on appeal was that he was pointing to the language and matter of Castillo Perez, not the presumption, but rather the fact that a single lapse is is less probative of good moral character. And in that sense, matter of Castillo Perez affirms a long line of BIA decisions dating back to the 1940s with matter of B, that state that stand for the proposition that a single lapse does not defeat good moral character. It's relevant here that in the BIA, isn't it true that it's that if you look at the cases, it's fair to say it's a single lapse alone, because there are cases where there's something that could be called a single lapse, but there's more going on. That's true, Your Honor, that there are cases where there is more going on. But on the on the face of the BIA's decision here, it's simply impossible to know whether the BIA engaged in that analysis. The BIA's decision nowhere states a single lapse or any iteration or version thereof. It's merely referring to matter of Castillo Perez and the IJ's decision for the presumption that two DUIs triggers lack of good moral character. But no one disputes here that that presumption doesn't apply. And, you know, moreover, to your honor, second point about the 2007 incident. Again, that doesn't show up in the BIA's decision. So it's impossible to know whether the BIA, in fact, analyzed that or considered it. This goes to say balance the positive negative. I think I stepped on Judge Erickson's question there. Go ahead, Judge Erickson. Well, I was just going to ask, you know, we keep talking about a single lapse, but the single lapse really has a number of of criminal acts that are involved in it. I mean, there's the taking of the car without permission, which is criminal in nature. There's the driving under the influence, which is criminal in nature. And there is the leaving the scene of a property of an accident involving property damage. And so, I mean, the whole single lapse theory is all based on the idea that there are some sort of single lapse shortcomings that ordinary people can fall into. And yet this seems a little bit more complicated criminal scheme than what we ordinarily see in the single lapse cases. A couple of points in response, your honor. The first is that while your honors analysis that that's simply not the analysis the BIA engaged in, it's not clear at all on the facts on the decision here in the record that the BIA considered the the the ramifications of the single lapse, that there was even a single lapse. I think critical here is that the BIA's decision doesn't even state the 2019 offense. And so it's simply impossible to know whether the BIA did address it and address Mr. Hernandez's argument on appeal, which is a legal error that warrants this court's remand. I see that I am now in my rebuttal time. So if the court doesn't have any further questions, I will save the rest for rebuttal. You may. Mrs. Berman-Vapery. Good morning, your honors. May it please the court. Rachel Berman-Vapores for the attorney general. The court should deny this petition for review. The board applied the proper standard of review in affirming the immigration judge's decision that the character and substantial evidence supports this conclusion here. Counsel, what what is the point? Me to the language on the standard of review? What tells us that the BIA did apply the proper standard? Because as I understand it, the parties agree on what the proper standard of review is. Yes, your honor. On the first page of the board's decision, the board, which is at the page three of the administrative record, the second paragraph, the board outlines that it reviews findings of fact under a clearly erroneous standard and reviews questions of law on DeNovo. And under the. So in your view, in your view, is that enough to establish or convince the reviewing court that the proper standard was applied? Just a statement like that at the very beginning of the opinion? Well, your honor, this in conjunction with the principle of regularity. So the board is presumed to have done its job correctly, particularly here where there's no indication that the board did not use the proper standard of review that it outlined in the beginning of its decision. The board did not repeat the language DeNovo review or error review. I mean, the second part of its decision, but it was not necessary for the court to do so for the board to do so. Excuse me. Here were the board. The board repeats twice. That is affirming the immigration judge's legal conclusion that the petitioner did not establish eligibility for cancellation of removal and voluntary departure because he did not establish good moral character. So then so so so your in your view, so long as the board says up front, here's our standard of review for issues of law and discretion and later says we affirm the immigration's immigration judge's determination on a particular aspect. That's sufficient. Period. So so in your. So then how are we to review that? Well, under this court's precedent, your honor, where the board essentially adopts the immigration judge's decision, this this court can reach both can review both the board's decision and the immigration judge's decision. And so I'd like to ask you a little bit about that. And I apologize if I keep interrupting, but I know we don't have a lot of time here, but it seems to me that if we're going to adopt, if we're going to say that the board adopted the IJ's opinion, there should be something in there. You're saying that there's some kind of inference because they say so little than therefore they must have been adopting the immigration judge's opinion because I don't see anything in this opinion that says it's adopting the IJ's opinion. The board did not expressly adopt the immigration judge's decision, your honor, but under this board's president, you can find that the board essentially adopted the board's decision. And so here's our case law says that we can just make that inference. If you say if the board says so little that we have to just infer that they adopted the IJ, is that is that what you're saying? Your honor, this this court has said that where the board essentially adopts the immigration immigration judge's opinion as its own, while adding some of its own reasoning, we can review the both both decisions, whether the board did enough here. That is, of course, for this court to determine. But here that there is sufficient reasoning in the board's decision alone, the board agreed with the legal conclusion of the immigration judge and also look to the factual findings. The board concluded that the immigration judge balanced the positive and negative factors in the petitioner's particular case. Well, I'm going to I want to have a couple of questions about that, how so that seems to me to be a statement that just describing what the immigration judge did, as opposed to weighing in on whether the board agreed. So just saying, well, the immigration judge balanced the factors. That's sort of just a statement of fact, isn't it? In some ways, yes, your honor, but here the board didn't just say the board, the immigration judge balanced the positive and negative factors and said balance the positive and negative factors and making the discretionary now in this case. And so, by referencing the petitioner's particular case here, the board is talking about this particular factual findings in the petitioner's case. And so it's not merely articulating that, not merely observing what the immigration judge did, but is also engaging. That's a lot of weight on three words, but I'll I'll accept your argument. If there's unless there's any other questions about the board standard of review, I'll go briefly to the merits. Well, let me let me ask you a question. The board's magic word here in the three sentences that we're focusing on is the word. Correct. Correct. Correctly, you get my point. Yes, your honor. What law tells you that that is an adoption? There's no law that specifically states that this is an adoption, but when you read the 2nd, page of the board's decision, what is very clear is that the board agreed. The board felt that the immigration judge did it did his did her job correctly. The immigration judge did it right? Referencing conclusion, the conclusions of law and the findings of fact. While there isn't a lot of reasoning here, there is sufficient reasoning, both to determine that the board reviewed the petitioner's case agree that the immigration judge did it correctly and provided sufficient reasoning for this court to review that determination. You know that that is perfectly logical argument. If we were sitting like in Habeas Corpus land, where, you know, the law says we get to look at the last reason to judgment, right? But here you've got something that doesn't look particularly reason to be on saying it was correctly decided and that the correct standards were applied, which is utterly meaningless without reference to something else. And, you know, I have no of well, I just don't know what case I can go to that will tell me that that if you just say that, that we can automatically then go back to whatever the last reason to position within the agency was. Well, if this court does not find that the board essentially adopted the petitioner's case here, then yes, then you would be reviewing really the board's decision here. But the board's decision here, you know, agree, you know, makes a conclusion of law and and the important, the crucial conclusion of law in this case, whether the petitioner established a good moral character. And the board concluded that he did not and based on the positive and negative factors that the immigration judge identified. And so I would like to speak a moment about the petitioner's characterization of what occurred in December 2019 as a single lapse. Well, that's the petitioner's characterization of what happened at the state of Iowa would disagree as based on my last knowledge of the petitioners of this event. The petitioner has two criminal charges pending from this particular event. It's also important to counsel that that's all. That's a decent argument to be making in front of the board or the IJ. But what in the opinion tells us that the BIA really engaged in that argument on appeal independent of the merits, whichever way they come out? What what is telling us that that that they heard that and were responding to it? Well, by reference, by specifically referencing engaging matter of Castillo, Paris, the board is showing that it did not forget about its most recent precedent, which specifically engaged with the single lapse issue. And in affirming that the petitioner did not establish good moral character rejected that what the petitioner did was just a single lapse that shouldn't weigh very much if at all. And a good moral character determination. So so a denial again, a denial of the appeal, we take the inference that then therefore they must have rejected all of the arguments. Are you saying that that's enough for the BIA to do in the face of specific arguments on appeal? It depends on the nature of the specific arguments, Your Honor. And here, the specific arguments are, you know, to the way how the immigration judge way, the evidence shouldn't have taken a single lapse shouldn't have way that heavily. If at all, the immigration judge should have considered rehabilitation differently. All of this again goes towards the balancing analysis of the good moral character determination. And here, the board is affirming that the petitioner did not establish good moral character. So is rejecting all of those arguments. And I see my timing is almost expired. Unless there's any further questions, I will briefly conclude. Okay, seeing no questions, you may conclude one sentence. Go ahead. The court should deny this petition for review. Thank you for your time. Thank you very much. Miss Lou, we're back to you. Thank you, Your Honor. A couple of points on rebuttal. First, to the extent the government speak to the single lapse, it cannot fill the BIA's silence in its decision. The BIA ought to address the single lapse argument in the first instance. That question is not before the board today or the court today. The only question before the court today is whether the BIA failed to weigh the evidence on its own on de novo review and to address the arguments that Mr. Hernandez raised on appeal. It did not. And both of those are grounds for remand. Second, the government suggests that the boilerplate statement at the beginning of the opinion, the BIA's decision regarding the standard of review is sufficient for this court to find that the BIA applied the correct standard of review. That's simply not true. As this court's precedent shows where the BIA states at the beginning of its state of its decision that it has this boilerplate statement, but the BIA subsequently applies the wrong standard of review or where it's unclear what standard of review the board is applying. That is subject. Third, the BIA did not adopt the IG's decision in this case. The statements that your honors are pointing to and its decision are not enough under this court's precedent. The term correct is not enough. There is no case to suggest that it is. In fact, you agree, though, they do end the one sentence by citing to the IJ's IJ 11-15, right? The first of the three correct sentences. It does, your honor. But that I think that means tell us what you think that means. Sure. That's a mere statement of fact of what the IJ did in its decision. The IJ did weigh the facts as the BIA indicates here. But that doesn't mean that the BIA weighed the facts and weighed the evidence as indicated by the fact that the BIA nowhere mentions any evidence positive or negative, not even a 2019 incident in its decision. So where it fails to do that, the BIA is not engaging in its own analysis, which is required on DeNovo review. And as this court's precedent and Fafana V. Gonzalez indicates, the court the BIA must expressly adopt. Yes, I do need to interrupt you. I took you beyond your time. That's fine. But it seemed to me like you were starting a separate thought. Let me see if either the other judges have questions. I see the proverbial shaking of heads. And so, again, I'll give you a sentence to sum up if you wish to. Thank you, Your Honor. Because of the BIA's errors in this case and under the tenary doctrine, this court should remand so that the BIA can properly fill its job as a judicatory board. Thank you. OK, thank you both for your arguments. Case number 20-3575 is submitted for decision by the court. And this court shall be in recess until further call.